IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSHUA RENE FLORES,

    Plaintiff,

vs.                                                                                            Case No. 22-cv-068 JCH-JFR

LUBBOCK COUNTY JAIL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff Joshua Rene Flores' *pro se* Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated in the Curry County Detention Center (CCCD) in New Mexico. He raises under 42 U.S.C. § 1983 against the Lubbock County Jail (the "Lubbock Jail"). According to Plaintiff, the Lubbock Jail detained him for six months even though he did not commit a crime. *See* Doc. 1 at 3. Lubbock sheriffs allegedly used a taser to arrest Plaintiff for failure to register as a sex offender. *Id.* at 5. The charges were dropped after Plaintiff presented evidence, but the Lubbock Jail never "paid [Plaintiff] back for those 6 months" of incarceration. *Id.* Plaintiff seeks $750,000 from the Lubbock Jail for false imprisonment.

    Before analyzing the merits, the Court will determine whether venue is proper in the District of New Mexico. Courts can evaluate venue on a motion by the parties or *sua sponte,* as part of the initial review process. *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) (analyzing improper venue and noting "the district court has discretion" to evaluate the matter *sua sponte*). Section 1391 of Title 28 permits a civil action to be brought in:

    (1) a judicial district in which any defendant resides …;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to … personal jurisdiction.

28 U.S.C. § 1391(b).

Subsection (1) does not apply. The Lubbock Jail is the only named Defendant. It is located in the Northern District of Texas, Lubbock Division, and it is not clear this Court has personal jurisdiction over the Lubbock Jail. *See* 28 U.S.C. § 124(b)(2) (N.D. Texas includes Lubbock County); 28 U.S.C. § 1391(c)(2) (for venue purposes, an entity resides in any district "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). As to subsection (2), the Court must examine "the nature of the plaintiff's claims and the acts or omissions underlying those claims" and determine whether "substantial events material to those claims occurred" in this district. *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010). Accepting the allegations as true, the claims here bear no relation to New Mexico. Plaintiff was arrested, tased, and detained in Lubbock, Texas. The individual wrongdoers were either Lubbock sheriff deputies or Lubbock jail officials. Venue is therefore not appropriate under subsection (2). Finally, subsection (3) does not apply because Plaintiff can sue Defendant in Texas.

Where, as here, venue is plainly improper, the Court may transfer the civil action to any other district "where it might have been brought." 28 U.S.C. § 1404(a). The following discretionary factors must weigh in favor of the transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict

      of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). The transfer must also be in the interest of justice; otherwise the matter should be dismissed without prejudice. To determine that, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). *See also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a venue transfer).

      On balance, the above factors favor a transfer rather than dismissal. The case could have been brought in the Northern District of Texas; all alleged wrongdoing occurred in that district; most evidence would come from Texas witnesses or agencies; and the only Defendant (Lubbock Jail) is located there. *See* 28 U.S.C. § 1391(b)(2), (c); Doc. 1. The Court also finds a transfer is more appropriate than dismissal because it appears the claims were filed in good faith and may have merit. A venue transfer is therefore proper; convenient for the parties; and in the interest of justice. The Court will transfer this matter - including the Complaint (Doc. 1) and the associated *in forma pauperis* motion (Doc. 2) - to the United States District Court for the Northern District of Texas, Lubbock Division. The Court will also direct the Clerk's Office to administratively terminate the motion appearing on this docket (Doc. 2), as it is no longer pending in this District, and close the civil case.

      **IT IS ORDERED** that the Clerk's Office shall **TRANSFER** this case, including Joshua Rene Flores' Prisoner Civil Rights Complaint (Doc. 1) and pending Motion to Proceed *In Forma Pauperis* (Doc. 2), to the United States District Court for the Northern District of Texas, Lubbock Division.

3

**IT IS FURTHER ORDERED** that the Clerk's Office shall **TERMINATE** the pending Motion to Proceed *In Forma Pauperis* (Doc. 2), as it appears on this docket, and **CLOSE** this case.

                                                      _____
                                                      SENIOR UNITED STATES DISTRICT JUDGE